ROBERT SLATKIN et al., Appellants-Respondents, v LANCER LITHO PACKAGING CORP. et al., Respondents-Appellants. [822 NYS2d 507]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered November 28, 2005, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment to the extent of dismissing plaintiffs' causes of action for tortious interference with prospective economic advantage and intentional infliction of emotional distress, and denied the motion with respect to the causes of action for false arrest/imprisonment and malicious prosecution, unanimously modified, on the law, to grant summary judgment dismissing the causes of action for false arrest/imprisonment and malicious prosecution, and otherwise affirmed, with costs in favor of defendants. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The cause of action for tortious interference with prospective economic advantage, alleging that defendants manufacturers committed various torts with the motive of eliminating plaintiffs, a corporation and its principal, as broker and securing plaintiffs' customers directly, was properly dismissed upon a record establishing that plaintiffs' customers stopped doing business with plaintiffs at least in part because they were no longer able to contact them. No issue of fact exists as to whether plaintiffs would have secured future business from the customers they lost "but for" defendant's correspondence with the customers disparaging plaintiffs' credit-worthiness and business ethics (*see Mandelblatt v Devon Stores*, 132 AD2d 162, 169

[1987], quoting *Union Car Adv. Co. v Collier*, 263 NY 386, 401 [1934]). The cause of action for intentional infliction of emotional distress was properly dismissed as the conduct alleged—faxes and phone calls, including to the individual plaintiff's parents, threatening his arrest and criminal prosecution; instigation of the individual plaintiff's arrest by means of false statements to the police concerning plaintiffs' indebtedness to defendants—is not so outrageous as to be utterly intolerable (*see Brown v Sears Roebuck & Co.*, 297 AD2d 205, 212 [2002]).

With respect to the cross appeal, the cause of action for false arrest/imprisonment should have been dismissed in view of the uncontroverted evidence, supplied by the testimony of the investigating police officer, that the alleged false information defendants gave him did not influence his decision to arrest the individual plaintiff (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132-133 [1999]). The cause of action for malicious prosecution should have been dismissed in view of uncontroverted evidence the final disposition of the criminal proceeding against the individual plaintiff did not involve the merits and did not indicate his innocence. Rather, the criminal proceeding was dismissed because the District Attorney advised the criminal court that while there was probable cause for the arrest, there was legally insufficient evidence to support the charge of larceny (*see MacFawn v Kresler*, 88 NY2d 859, 860 [1996]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.