■ BILL AKPINAR, Appellant-Respondent, v WILLIAM MORAN et al., Respondents-Appellants. [922 NYS2d 8]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 2, 2010, which granted the part of defendants' motion that sought to dismiss the complaint and denied the part that sought an award of reasonable attorneys' fees and costs, unanimously affirmed, with costs.

Plaintiff commenced this action against William Moran, an attorney, Moran's law firm, and the firm's client, Wachovia Mortgage, FSB, alleging that Moran made defamatory statements about him in a newspaper article about a pending criminal investigation into a mortgage fraud and a lawsuit brought by Wachovia in connection with the fraud in which plaintiff was named as a defendant. Plaintiff's complaint identifies the allegedly defamatory statements as: "I'm looking forward to getting him under oath," and "I want to get to the bottom of many questions myself."

Even in the context in which these statements were made, which plaintiff urges must be considered, "a reasonable reader would understand the statements defendant made about plaintiff as mere *allegations* to be investigated rather than as *facts*" (*Brian v Richardson*, 87 NY2d 46, 53 [1995]). The statements neither impute to him the commission of a serious crime nor tend to injure him in his trade, occupation or profession, and therefore do not constitute slander per se (*see Harris v Hirsh*, 228 AD2d 206, 208 [1996], *lv denied* 89 NY2d 805 [1996]). Nor is plaintiff's reference to the pending criminal investigation and pending civil complaint sufficient to establish the extrinsic facts requisite to a claim for defamation by innuendo (*see Cole Fisher Rogow, Inc. v Carl Ally, Inc.*, 29 AD2d 423, 427 [1968], *affd* 25 NY2d 943 [1969]). His allegation that he lost $17 million in venture funding from unspecified individuals who read the statements fails to adequately plead special damages (*see Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 441 [1960]; *see also Galasso v Saltzman*, 42 AD3d 310, 311 [2007]). The statements are also protected under Civil Rights Law § 74, as a "fair and true" report of a judicial proceeding (*see Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67-68 [1979]; *see also Ford v Levinson*, 90 AD2d 464, 465 [1982]; *Lacher v Engel*, 33 AD3d 10, 17 [2006]).

Plaintiff's cause of action for intentional infliction of emotional distress is duplicative of his defamation cause of action (*Hirschfeld v Daily News*, 269 AD2d 248, 249 [2000]). In any event, the statements are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]; *see e.g. Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421, 422 [2006]).

The court properly found that plaintiff's arguments were not frivolous within the meaning of 22 NYCRR 130-1.1. Concur— Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.