MARK SCHMITT, Respondent, v STEPHEN SPECTOR, Respondent, and FRANK B. HOLLENBECK et al., Appellants. [11 NYS3d 680]—

In an action to recover damages for personal injuries, the defendants Frank B. Hollenbeck, Frank B. Hollenbeck Architects, P.C., Hollenbeck and Smith Architects, P.C., and Hollenbeck and Smith Architects, P.C., as successor in interest to Frank B. Hollenbeck Architect, P.C., appeal from stated portions of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 18, 2014, which, inter alia, denied those branches of their motion which were pursuant to CPLR 3211 (h) to dismiss the amended complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 8, 2011, the plaintiff allegedly was injured when a railing upon which he was leaning, which ran along a second story outdoor deck at the home of the defendant Stephen Spector, gave way, causing him to fall to the ground below. The deck was designed by the architect defendants, Frank B. Hollenbeck, Frank B. Hollenbeck Architect, P.C., Hollenbeck and Smith Architects, P.C., and Hollenbeck and Smith Architects, P.C., as successor in interest to Frank B. Hollenbeck Architects, P.C. (hereafter collectively the Hollenbeck defendants), pursuant to an agreement dated October 28, 1996, and was constructed sometime between 1997 and 2000. The plaintiff commenced this action to recover damages for the personal injuries he sustained as a result of the fall alleging, inter alia, that the Hollenbeck defendants were negligent in their preparation of the deck design plans by failing to provide specific direction on methods of attaching the railing to the deck.

The action insofar as asserted against the Hollenbeck defendants arises under CPLR 214-d, which applies to certain actions against licensed engineers and architects. A motion pursuant to CPLR 3211 (h) to dismiss an action arising under CPLR 214-d "shall be granted unless the party responding to the motion demonstrates that a substantial basis in law exists to believe that the performance, conduct or omission complained of such licensed architect . . . was negligent and . . .

a proximate cause of personal injury . . . complained of by the claimant" (CPLR 3211 [h]). "[A] court reviewing the sufficiency of a complaint under CPLR 3211 (h) must . . . determine whether the claim alleged is supported by such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co.*, 58 AD3d 178, 183 [2008] [internal quotation marks omitted]).

In opposition to those branches of the Hollenbeck defendants' motion which were pursuant to CPLR 3211 (h), the heightened standard imposed by CPLR 3211 (h) was met with relevant proof, including the affidavit of the plaintiff's expert architect, demonstrating that a substantial basis for the claims of common-law negligence against the Hollenbeck defendants exists and that the Hollenbeck defendants' alleged negligence was a proximate cause of the plaintiff's injuries (*see Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co.*, 58 AD3d at 184; *cf. Kenny v Turner Constr. Co.*, 107 AD3d 412 [2013]).

Accordingly, the Supreme Court correctly denied those branches of the Hollenbeck defendants' motion which were pursuant to CPLR 3211 (h) to dismiss the amended complaint and cross claims insofar as asserted against them.

The Hollenbeck defendants' remaining contentions are without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.