■ CHRISTINA MATTHAUS, Appellant-Respondent, v MICHAEL HADJEDJ, Respondent-Appellant. [49 NYS3d 393]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 12, 2016, which granted defendant's motion pursuant to CPLR 3211 (a) (7) to the extent of dismissing plaintiff's fourth and fifth causes of action alleging intentional infliction of emotional distress and prima facie tort, and denied the motion to the extent it sought dismissal of the second and third causes of action for malicious prosecution and false arrest, unanimously affirmed, without costs.

Supreme Court properly granted defendant's motion to dismiss plaintiff's claim for intentional infliction of emotional distress as duplicative of her defamation cause of action (*see Fischer v Maloney*, 43 NY2d 553, 558 [1978]; *Akpinar v Moran*, 83 AD3d 458, 459 [1st Dept 2011], *lv denied* 17 NY3d 707 [2011]). Moreover, plaintiff's factual allegation that defendant made false statements to the police, causing her arrest and incarceration, was insufficient as a matter of law to constitute

extreme and outrageous behavior to sustain the claim (*see Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421 [1st Dept 2006]). Plaintiff's cause of action for prima facie tort was also properly dismissed as duplicative of her defamation claim (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]), and, in any event, was insufficient to state a cause of action because she failed to allege special damages (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]).

Regarding defendant's cross appeal, the court properly denied the motion to dismiss those causes of action alleging malicious prosecution and false arrest. Contrary to defendant's contention, plaintiff's allegation that defendant knowingly provided false information to the police, in retaliation for a domestic dispute, was sufficient to demonstrate that he initiated the proceeding (*see Brown v Sears Roebuck & Co.*, 297 AD2d 205, 210 [1st Dept 2002]). Similarly, plaintiff's factual allegations can form the basis of a claim for false arrest (*compare Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132-133 [1st Dept 1999]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.