Golby v N & P Engrs. & Land Surveyor, PLLC (2020 NY Slip Op 03898)





Golby v N & P Engrs. & Land Surveyor, PLLC


2020 NY Slip Op 03898


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-02525
 (Index No. 618315/17)

[*1]Arline O. Golby, etc., et al., respondents,
v
N & P Engineers & Land Surveyor, PLLC, etc., et al., appellants.


Sinnreich Kosakoff & Messina LLP, Central Islip, NY (David B. Kosakoff, Michael Stanton, and Mark P. Bradley of counsel), for appellants.
O'Hare Parnagian LLP, New York, NY (Robert A. O'Hare, Jr., and Andrew C. Levitt of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated January 22, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(h) to dismiss the complaint insofar as asserted against the defendants N & P Engineers & Land Surveyor, PLLC, and Nelson & Pope, LLP.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 15, 2014, the plaintiffs' decedent, Richard A. Golby, allegedly was ambulating in his wheelchair on the main pier located at the Port Jefferson Marina in Port Jefferson Harbor when he rolled off the pier into the water below. Golby died the next day, allegedly as a result of his injuries. The defendant Nelson & Pope, LLP, performed design, engineering, and other work in connection with the renovation of the main pier beginning in the mid-1990s. The plaintiffs commenced this action, inter alia, to recover damages for wrongful death, alleging, among other things, that the defendants N & P Engineers & Land Surveyor, PLLC, in its own capacity and as successor to Nelson & Pope, LLP, and Nelson & Pope, LLP (hereinafter together the engineer defendants), were negligent in their preparation of the pier design plans by failing to recommend the use of railings or other safety devices on the main pier, or at portions thereof, that would not be used for the mooring of boats. Before issue was joined, the defendants moved, inter alia, pursuant to CPLR 3211(h) to dismiss the complaint insofar as asserted against the engineer defendants. In an order dated January 22, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211(h). The defendants appeal.
A motion pursuant to CPLR 3211(h) to dismiss an action arising under CPLR 214-d "shall be granted unless the party responding to the motion demonstrates that a substantial basis in law exists to believe that the performance, conduct or omission complained of [a licensed] engineer . . . was negligent and . . . a proximate cause of personal injury . . . complained of by the claimant" (CPLR 3211[h]). CPLR 3211(h) thus imposes a heightened standard of review (see Schmitt v Spector, 129 AD3d 1052, 1053; Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d [*2]178, 182). " [A] court reviewing the sufficiency of a complaint under CPLR 3211(h) must . . . determine whether the claim alleged is supported by such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Schmitt v Spector, 129 AD3d at 1053, quoting Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d at 183 [internal quotation marks omitted]). While under this standard a plaintiff need not demonstrate that the claim is supported by a preponderance of the evidence, the plaintiff must adduce allegations and evidence that demonstrate the existence of triable issues of fact regarding the professional's negligence and proximate cause (see Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d at 183).
Here, in opposition to that branch of the defendants' motion which was pursuant to CPLR 3211(h), the plaintiffs met the heightened standard imposed by CPLR 3211(h). The plaintiffs submitted excerpts of the pre-action deposition testimony of Robert J. Nelson, Jr., the defendants' representative, who testified that railings are used on piers to prevent pedestrians from falling into the water, that the main pier was open to pedestrians, and that boats could not moor at the portion of the main pier where Golby fell when that area was blocked by a seasonal gangway and floating dock. This evidence raised triable issues of fact as to whether the engineer defendants were negligent in not recommending the use of railings and whether their omission was a proximate cause of Golby's injuries and subsequent death, which were not suitable for determination at this stage of the litigation (see Schmitt v Spector, 129 AD3d at 1053; Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d at 184). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 3211(h) to dismiss the complaint insofar as asserted against the engineer defendants.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court