Smartmatic USA Corp. v Fox Corp. (2023 NY Slip Op 00832)

Smartmatic USA Corp. v Fox Corp.

2023 NY Slip Op 00832

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

151136/21 Index No. 151136/21 Appeal No. 17049 Case No. 2022-01291 

[*1]Smartmatic USA Corp., et al., Plaintiffs-Respondents-Appellants,
v
Fox Corporation, et al., Defendants-Appellants-Respondents, Jeanine Pirro, Defendant-Respondent, Sidney Powell, Defendant.

Mintz & Gold LLP, New York (Steven G. Mintz of counsel), and Clement & Murphy, PLLC, Alexandria, VA (Paul Clement of the bar of the District of Columbia, admitted pro hac vice, of counsel), for Fox Corporation, Fox News Network LLC, Lou Dobbs and Maria Bartiromo, appellants-respondents, and Jeanine Pirro, respondent.
Russo Law LLC, New York (Adam S. Katz of counsel), for Rudolph Giuliani, appellant-respondent.
Benesch, Friedlander, Coplan & Aronoff, LLP, New York (Edward C. Wipper and Joel Erik Connoly of the bar of the State of Illinois, admitted pro hac vice of counsel), for respondents-appellants.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 8, 2022, which, to the extent appealed from (1) granted defendant Jeanine Pirro's motion to dismiss all causes of action asserted against her; (2) granted, in part, defendant Rudolph Giuliani's motion to dismiss all causes of action asserted against him to the extent of dismissing the third, fifth and ninth causes of action as against him; and (3) denied the motions of defendants Fox Corporation, Fox News Network LLC, Lou Dobbs, and Maria Bartiromo to dismiss all causes of action asserted against them, unanimously modified, on the law, to dismiss the causes of action asserted against defendant Fox Corporation without prejudice to repleading, and to reinstate the causes of action that were dismissed as against defendants Giuliani and Pirro, and otherwise affirmed.
Supreme Court correctly declined to dismiss the defamation claims asserted against Fox News, Dobbs, Bartiromo, and Giuliani. Under New York's Anti-SLAPP statute (Civil Rights Law §§ 76-a[1][a], [2]), to withstand dismissal under CPLR 3211(g)(1), the claims pleaded must have "a substantial basis in law," which requires "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Golby v N & P Engrs. & Land Surveyor, PLLC, 185 AD3d 792, 793-794 [2d Dept 2020]). The meticulously detailed complaint satisfied the requirements of CPLR 3211(g)(1).
The causes of action for defamation were based on significant allegations that defendant Giuliani (and defendant Powell, against whom the action has been dismissed) made defamatory statements about plaintiffs' involvement in the 2020 Presidential election while knowing that the statements were false, or at least with reckless disregard for the truth. Those causes of action also allege that defendants Fox News, Dobbs, and Bartiromo did not merely report the newsworthy fact that the President's campaign lawyers were recklessly making statements conveying false information. Rather, the complaint alleges in detailed fashion that in their coverage and commentary, Fox News, Dobbs, and Bartiromo effectively endorsed and participated in the statements with reckless disregard for, or serious doubts about, whether the assertions or implications that plaintiffs had participated in election fraud had any basis in truth or were supported by any reliable evidence.
In fact, according to the allegations in the complaint, Fox News, Dobbs, and Bartiromo stated that Smartmatic's election technology and software were widely used in the 2020 election and in Dominion machines to switch votes, when they actually knew, or easily could have known had they not purposefully avoided publicly available knowledge, that in 2020, the Smartmatic technology was used only in Los Angeles County and that the vote switching claims otherwise had no support (see Harte-Hanks Communications v Connaughton, 491 US 657, 692 [1989]; accord Dominion v Fox News, [*2]2021 WL 5984265, *22-24, 2021 Del Super LEXIS 706, *59-69 [Del Super Ct 2021, C.A. No.: N21C-03-257 EMD]; Dominion v Newsmax, 2022 WL 2208580, *26, 2022 Del Super LEXIS 256, *69 [Del Super Ct 2022, C.A. No.: N21C-08-063 EMD]). Based on the same reasoning, the claims against Pirro, which are based on similar allegations of defamatory statements made with actual malice, must be reinstated.
However, Supreme Court erred in dismissing the third and fifth causes of action as against defendant Giuliani, and we reinstate those claims. As pleaded, those causes of action allege defamatory statements forming the basis for defamation per se claims and do not sound in product disparagement or otherwise require the pleading of special damages. We need not consider plaintiffs' contention that Supreme Court erred in dismissing the ninth cause of action as against defendant Giuliani, as that claim was subsequently reinstated by the court.
We further find the Supreme Court should have granted Fox Corporation's motion to dismiss the claims asserted against it, without prejudice to plaintiffs' ability to replead the claims. With respect to Fox Corporation, which is a corporate entity separate from Fox News, the complaint does not adequately allege that any Fox Corporation employee played an affirmative role in the publication of the challenged defamatory statements. Nor does the complaint adequately allege that Fox Corporation wholly dominated Fox News so as to liable for the acts of its subsidiary. Even if reasonable, the inference that Fox Corporation, merely by virtue of its ownership of Fox News and its profits, actively took part in the procurement, composition, and publication of the challenged statements, does not alone suffice to allege defamation claims against a corporate parent based on conduct by its wholly owned subsidiary.
We decline to find that plaintiffs should be deemed limited purpose public figures required to allege facts that, if true, would "clearly and convincingly" show defamation with actual malice (see Gottwald v Sebert, 193 AD3d 573, 578-579 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023