222 N.J. Super. 101 (1987)
536 A.2d 271
B.P., PLAINTIFF-APPELLANT,
v.
G.P. AND C.L., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1987.
Decided April 15, 1987.
*102 Before Judges DEIGHAN and MUIR, Jr.
Stephen M. Hiltebrand argued the cause for appellant (Stephen M. Hiltebrand on the letter brief).
Ralph E. McKay argued the cause for respondent C.L. (Ralph E. McKay on the brief).
William M. Schreiber argued the cause for respondent G.P. (Hoffman and Schreiber attorneys; William M. Schreiber on the letter brief).
PER CURIAM.
This appeal involves a mother's effort, subsequent to a judgment of divorce under which she gained child custody and child support, to illegitimatize her son by asserting in a complaint for paternity under the New Jersey Parentage Act, N.J.S.A. 9:17-38 et seq., that a man other than her ex-husband sired the son born during the marriage.
On the appeal, she challenges a Family Part summary judgment dismissing her complaint. The trial judge, in granting *103 summary judgment dismissing the complaint seeking to establish C.L. as the boy's father, concluded the prior divorce proceeding in which child custody and child support were at issue, even though resolved by settlement, by implication sufficiently resolved the issue of paternity to act as a bar to further litigation on the issue.
The central issue of the appeal is whether plaintiff's Parentage Act complaint against G.P. and C.L. is barred by the fact that plaintiff gained child custody and child support by an agreement with G.P. that recited "there has been one child born of the marriage between the parties," by the fact that plaintiff testified during an uncontested divorce proceeding that the son was born of the marriage and by the fact that she failed to assert the known parental dispute. Integral aspects of determining the issue are the theory of the bar, if any, and the applicability of the bar to C.L., a non-party to the divorce proceeding.
The facts are undisputed. Plaintiff married G.P. on June 26, 1976. A son was born on March 11, 1981. The parties named the son after the father, except for the middle initial.
Some time in late 1983 or early 1984, plaintiff instituted an action for divorce. She raised, among other issues, child custody and child support, seeking both. The parties resolved their differences by agreement and the matter proceeded as an uncontested divorce. During the uncontested divorce proceeding, plaintiff testified under oath that her son was born of the marriage.
The judgment of divorce incorporated the written agreement between the parties. That agreement recited, in part, "[w]hereas, there has been one child born of the marriage between the parties, G.J.P., born March 11, 1981; ...." The judgment recited "[t]he Court took no testimony regarding the issue of support, custody and other matters ... and made no specified findings in regard thereto."
*104 Some time after entry of the judgment, plaintiff moved to Michigan with her son. In Michigan she instituted a Parentage Act claim which mirrored the complaint dismissed by the trial court. The Michigan court declined jurisdiction in favor of New Jersey.
Plaintiff, in the complaint filed in the Law Division, alleged that during the marriage, at a time when she did not practice birth control, she had frequent sexual relations with C.L., leading to the birth of her son. She further asserted the child bore a strong family resemblance to the family of C.L. Additionally, she alleged the only time she had sexual relations with her then husband G.P., she practiced birth control.[1]
Prior to and after institution of the Parentage Act complaint, G.P. filed several motions to enforce his visitation rights. Simultaneous with the motion for summary judgment, the trial judge resolved a motion by G.P. to enforce visitation rights. During oral argument on the visitation rights motion, G.P.'s counsel asserted G.P. had no visitation from the beginning of September 1985 until Easter in March 1986, when he secured a court order enforcing his visitation rights.
The visitation motion resolved along with the summary judgment, counsel argued, became necessary due to plaintiff's alleged refusals to allow visitation even after the court order of March 1986.
The Parentage Act prescribes that a child's natural mother may, at any time, bring an action to establish the existence of a parent-child relationship. N.J.S.A. 9:17-45a. It designates such an action as civil in nature, governed by the rules of court. N.J.S.A. 9:17-49a. It requires that a Parentage Act action "shall be joined with an action for divorce." N.J.S.A. 9:17-46a. *105 It further prescribes grounds for establishing proof of parent-child relationship. The proof required to establish the relationship between father and child is either adjudication under prior law, under the laws governing probate, by a court of competent jurisdiction in another state or under the act. N.J.S.A. 9:17-41b.
The act also provides that any agreement not reached in accordance with procedures of the act shall not constitute a bar to a Parentage Act complaint. N.J.S.A. 9:17-45d; N.J.S.A. 9:17-58.
Plaintiff argues that the language of the Parentage Act makes it the exclusive grounds for resolving parentage disputes and that no common law doctrine or otherwise can bar her complaint. Defendants contend plaintiff's complaint is barred by the entire controversy doctrine as well as res judicata and estoppel.
The primary canon for judicial determination of the meaning of legislation is the plain language of the statute. When the language is clear and unambiguous, we are not free to interpret or construe, for to do so would do violence to the separation of powers doctrine. Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956). Further, only clear and plain language can change the common law of this state. DeFazio v. Haven Savings & Loan Assn., 22 N.J. 511, 519 (1956), with which the Legislature is presumed to be familiar. Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 350 (1953).
Based upon the provisions that Parentage Act complaints shall be joined with divorce proceedings and that they shall be governed by the Rules of Civil Procedure, R. 4:1-1 et seq., we conclude the single or entire controversy doctrine is applicable to Parentage Act proceedings and constitutes a bar to both the claim against C.L. as well as G.P. We find support for this conclusion in the failure of the act to specifically preclude application of the doctrine.
*106 Initially, we note the requirement that Parentage Act complaints "shall be joined with divorce actions," N.J.S.A. 9:17-46a, demonstrates a specific intent to have the issue of parentage dispute, if known to the parties at the time, resolved during the divorce proceeding. Here, based upon the language of the verified complaint, plaintiff unquestionably knew she disputed the parentage of her son.
Any dispute as to the meaning of the language of N.J.S.A. 9:17-46a is resolved by N.J.S.A. 9:17-49a which provides for Parentage Act complaints to be governed by the civil rules of court. R. 4:27-1(b) provides that each party to an action "shall assert therein all claims which he may have against the other thereto insofar as may be required by application of the entire controversy doctrine."
"The single or entire controversy doctrine evolved `to eliminate delay, prevent harassment of a party and unnecessary clogging of the judicial system, avoid wasting the time and effort of the parties, and promote fundamental fairness.'" Aetna Ins. Co. v. Gilchrist Brothers, Inc., 85 N.J. 550, 556 (1981), quoting Barres v. Holt, Rinehart and Winston, Inc., 74 N.J. 461, 465 (1977) (Schreiber, J., dissenting).
In Aetna, Justice Schreiber pointed out that N.J. Const. (1947), Art. VI, § 3, par. 2 invested the Superior Court with statewide jurisdiction "so that all matters in controversy between the parties may be completely determined." Id.
The effect of the doctrine is to require a party to include in the action all related claims against an adversary and the failure to do so precludes maintenance of a second action. "`[C]onsistent with the demands of a responsive civil justice system,' the doctrine as generally applied requires `that a party who has elected to hold back from the first proceeding a related component of the controversy be barred from thereafter raising it in a subsequent proceeding.'" Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 348 (1984) (Handler, J., concurring), quoting *107 William Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 292 (App.Div.), certif. denied, 75 N.J. 528 (1977).
The doctrine further applies to claims against other known responsible parties. Crispin v. Volkswagenwerk, A.G., 96 N.J. at 343. The theory being that where, as here, a litigant knows of a potentially responsible party, the principles that underlay the entire controversy are applicable. Id.
Given the plaintiff's obvious knowledge of her claim that C.L. sired her son, which, if established, would have required resolution of not only custody but support as between plaintiff and C.L., rather than G.P., her failure to comply with the clear mandate of the Parentage Act in not filing the Parentage Act complaint at the time of the divorce proceeding, bars her from ever so doing.
We so hold, mindful of the language of N.J.S.A. 9:17-41, which we conclude demonstrates no contrariwise intention. We do so also relying on the fact that the entire controversy doctrine, by virtue of its well-established presence in the law of this State since the creation of our present court system under the 1947 Constitution, is a part of the common law of this State. That being so, the absence of any specific language in the Parentage Act abrogating the doctrine, reinforces the applicability of the doctrine to a Parentage Act proceeding.
We do not find the doctrine of res judicata applicable because the paternity issue was not actually litigated in the divorce action. See Allesandra v. Gross, 187 N.J. Super. 96, 103-04 (App.Div. 1982). We do so, however, noting there is authority for application of a doctrine of repose as between parties to a paternity action following entry of a divorce judgment incorporating agreement between the same parties resolving child custody and child support. Garcia v. Garcia, 148 Cal. App.2d 147, 306 P.2d 80, 84 (Dist.Ct.App. 1957).
The judgment of the trial court is affirmed for reasons set forth herein.
NOTES
[1] We note plaintiff failed to join the son, G.J.P., as a party to the litigation. Since R. 5:14-1 permits joinder of the child with appointment of a guardian ad litem other than one of the parents, such joinder, sua sponte by the court, would have been appropriate here since the child has a consummate interest.