■ FRANK TAMMERA, SR., Appellant, v OSCAR D. FOLGER, Respondent. [603 NYS2d 119] —Order, Supreme Court, New York

County (Joan B. Lobis, J.), entered February 17, 1993, which, *inter alia,* granted defendant's motion to dismiss the action on the basis of New Jersey's "entire controversy doctrine" to the extent of staying the action until entry of a final judgment in the related New Jersey action, unanimously affirmed, without costs.

Plaintiff, a New Jersey resident, claims that he was fraudulently deprived of the economic benefit of a unique process by the fraud of others, who are defendants in a New Jersey action, and the malpractice of defendant, an attorney. Plaintiff here complains that defendant, *inter alia,* did not disclose conflicts of interest or that one of the New Jersey defendants had previously been permanently banned by the New York Stock Exchange. Prior to service of an answer, defendant moved to dismiss the complaint (CPLR 3211 [a] [5]) or stay the action on the ground that plaintiff is pursuing similar claims in a New Jersey action, which was then pending.

The IAS Court properly determined that New Jersey's entire controversy doctrine bars this action. That doctrine encompasses not only subsequent claims against defendants named in an original suit, but claims against additional defendants *(Cogdell v Hospital Ctr.,* 116 NJ 7, 560 A2d 1169). Thus, whatever the outcome in New Jersey, a New Jersey court would hold plaintiff's action barred, and New York courts are bound "by whether the courts of New Jersey would hold plaintiff * * * barred by the prior action" *(Schultz v Boy Scouts,* 65 NY2d 189, 204). Plaintiff does not contend that defendant was not subject to personal jurisdiction in New Jersey. Further, a comparison of the complaint in this action and the one in the New Jersey case shows that plaintiff's case against defendant is substantially similar to his case against the New Jersey defendants. Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.