Kurland & Assoc., P.C. v Glassdoor, Inc. (2022 NY Slip Op 03323)

Kurland & Assoc., P.C. v Glassdoor, Inc.

2022 NY Slip Op 03323

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Index No. 162083/18 Appeal No. 15969 & M-1361 Case No. 2021-02776 

[*1]Kurland & Associates, P.C. Doing Business as The Kurland Group, Plaintiff-Respondent-Appellant,
v
Glassdoor, Inc., et al., Defendants-Appellants-Respondents. Reporters Committee for Freedom of the Press and 26 Media Organizations, Amici Curiae.

Bressler, Amery & Ross, P.C., New York (Michael T. Hensley of counsel), for appellants-respondents.
The Kurland Group, New York (Yetta G. Kurland of counsel), for respondent-appellant.
Holland & Knight, New York (Christine N. Walz of counsel), for amici curiae.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 29, 2021, which, insofar as appealed from as limited by the briefs, granted defendants Glassdoor, Inc. and Jane/John Doe's motion to reargue and renew their prior motion to dismiss and, upon reargument, dismissed "whatever complaint is the current one," and denied their motion for attorneys' fees, unanimously affirmed, without costs, and to clarify that it is the second amended complaint is dismissed pursuant to CPLR 3211(a)(7).
The motion court expressly dismissed the complaint pursuant to the recently amended anti-strategic lawsuit against public participation (anti-SLAPP) law (Civil Rights Law §§ 70-a; 76-a). This Court has concluded that the 2020 amendments to the anti-SLAPP law do not apply retroactively to pending claims, such as the ones at issue here (see Gottwald v Sebert, 203 AD3d 488 [1st Dept 2022]). We perceive no basis for overruling that decision. It is undisputed that the amended anti-SLAPP law is much broader than its predecessor, and defendants do not argue that the predecessor law is even applicable or that there was a basis for awarding costs and fees thereunder. Accordingly, the dismissal should be re-designated as pursuant to CPLR 3211(a)(7) (and not CPLR 3211[g]), and the denial of defendants' motion for costs and fees (pursuant to the anti-SLAPP law, Civil Rights Law § 70-a[1][a]) is affirmed.
We do not consider the sufficiency of the breach of duty of loyalty claim because it was asserted only in the third amended complaint, which was improperly filed without leave of court (see CPLR 3025[a], [b]).
The defamation per se claim was correctly dismissed. As a provider of an interactive computer service that plaintiff seeks to hold liable for information created by a third party, Glassdoor is immune from liability under the Communications Decency Act (47 USC § 230[c][1]).
The negative review posted by Doe is protected opinion and thus not actionable (see generally Davis v Boeheim, 24 NY3d 262, 269-270 [2014]). While an opinion may be actionable "mixed opinion" to the extent based on false or undisclosed facts, that is
not the case here (see generally Davis, 24 NY3d at 269; Silsdorf v Levine, 59 NY2d 8, 15-16 [1983], cert denied 464 US 831 [1983]).
We have considered plaintiff's remaining arguments and find them unavailing. M-1361 — Kurland & Associates, P.C. v Glassdoor, Inc.
Motion for leave to file amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022