Karl Reeves, C.E.I.N.Y. Corp. v ASSOCIATED NEWSPAPERS, LTD (2023 NY Slip Op 03315)

Karl Reeves, C.E.I.N.Y. Corp. v ASSOCIATED NEWSPAPERS, LTD

2023 NY Slip Op 03315

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 154855/20 Appeal No. 504 Case No. 2021-03446 

[*1]Karl Reeves, C.E.I.N.Y. Corp. et al., Plaintiffs-Appellants-Respondents,
v
ASSOCIATED NEWSPAPERS, LTD, Defendant-Respondent-Appellant, Mail Media Inc., et al., Defendants.

Law Offices of John V. Golaszewski, P.C., New York (John V. Golaszewski of counsel), for appellants-respondents.
Davis Wright Tremaine LLP, New York (Robert D. Balin and Kelli L. Sager of the bar of the State of California, admitted pro hac vice, of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Phillip Hom, J.), entered on or about August 5, 2021, which granted defendants Associated Newspapers Ltd. and Anneta Konstantinides's motion to dismiss the complaint to the extent of dismissing the complaint pursuant to CPLR 3211 (a)(1) and (7), denied the motion to the extent it sought dismissal of the complaint pursuant to CPLR 3211(g), and denied defendants' request for costs and attorneys' fees pursuant to Civil Rights Law § 70-a, unanimously affirmed, with costs.
The court correctly determined that the alleged defamatory statements published by defendants in an online news article reporting on the contentious divorce and child custody battle between plaintiff Karl Reeves — the CEO of plaintiffs C.E.I.N.Y. Corp., Consolidated Elevator Industries, Inc., and Consolidated Elevator Service Corp. (collectively, Consolidated) — and actress Julianne Michelle were privileged under Civil Rights Law § 74. The statute provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published."
Here, defendants' article provided a substantially accurate reporting of Reeves's arrests for domestic violence and related criminal proceedings, and the defamation action brought by Reeves against Michelle and others, during the divorce and custody proceedings (see Alf v Buffalo News, Inc., 21 NY3d 988, 990 [2013]; Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67 [1979]). The minor inaccuracies in the article did not deprive it of the protection of the fair reporting privilege (see Misek-Falkoff v American Lawyer Media, 300 AD2d 215, 216 [1st Dept 2002], lv denied 100 NY2d 508 [2003], cert denied 541 US 939 [2004]). Additionally, the statements based on defendants' review of texts messages and audio and video recordings were not actionable, as they were substantially true (see Gondal v New York City Dept. of Educ., 19 AD3d 141, 142 [1st Dept 2005]; Chinese Consol. Benevolent Assn. v Tsang, 254 AD2d 222, 223 [1st Dept 1998]). Although, as Reeves contends, the bare bones affidavits submitted by Michelle in the divorce and custody proceedings were insufficient to authenticate the texts and recordings (cf. Muhlhahn v Goldman, 93 AD3d 418, 419 [1st Dept 2012]), Reeves did not deny their authenticity in his affidavit submitted in opposition to defendants' motion to dismiss in this action (see Chinese Consol. Benevolent Assn, 254 AD2d at 223). Moreover, the headline was a fair index of the substantially accurate contents of the article (see Gunduz v New York Post Co., 188 AD2d 294 [1st Dept 1992]; Cole Fischer Rogow, Inc. v Carl Ally, Inc., 29 AD2d 423, 426 [1st Dept 1968], affd 25 NY2d 943 [1969]).
As to the the tort claims, Reeves's claims for negligent [*2]and intentional infliction of emotional distress were correctly dismissed as duplicative of his defamation claims (see Fleischer v NYP Holdings, Inc., 104 AD3d 536, 538-539 [1st Dept 2013], lv denied 21 NY3d 858 [2013]; Akpinar v Moran, 83 AD3d 458, 459 [1st Dept 2011], lv denied 17 NY3d 707 [2011]). Further, defendants' alleged conduct did not amount to extreme and outrageous conduct (see Seymour v Hovnanian, 211 AD3d 549, 557 [1st Dept 2022]; Parker v Trustees of the Spence Sch., Inc., 205 AD3d 459, 460 [1st Dept 2022]).
Reeves' cause of action for prima facie tort was also duplicative of the defamation claim (Fleischer, 104 AD3d at 538-539; Matthaus v Hadjedj, 148 AD3d 425, 426 [1st Dept 2017]). The prima facie tort claim, insofar as asserted by Consolidated, fails because the basis of the tort, the alleged defamatory statements made about its CEO, were not "of and concerning" Consolidated (Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86-87 [2016]; see also Cohn v National Broadcasting Co., 67 AD2d 140, 146 [1st Dept 1979], affd 50 NY2d 885 [1980], cert denied 449 US 1022 [1980]). Consolidated's claims for tortious interference with contract and prospective economic advantage fail on their face as it did not plead the requisite elements, including defendants' knowledge of its business relationships and/or contracts with third parties (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed 14 NY3d 736 [2010]).
Defendants were not entitled to costs and attorneys' fees pursuant to New York's anti-SLAPP law (see Civil Rights Law § 70-a), as plaintiff's action was commenced before the 2020 amendments to the law, and the amendments are not retroactive (see Kurland & Assoc., P.C. v Glassdoor, Inc., 205 AD3d 545, 545 [1st Dept 2022]; Robbins v 315 W. 103 Enters. LLC, 204 AD3d 551, 552 [1st Dept 2022], lv denied 38 NY3d 914 [2022]; Gottwald v Sebert, 203 AD3d 488 [1st Dept 2019]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023