Gillespie v Kling (2023 NY Slip Op 03405)

Gillespie v Kling

2023 NY Slip Op 03405

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 158959/21 151076/22 Appeal No. 520-521 Case No. 2022-05154 2022-05155 

[*1]Damon J. Gillespie, Plaintiff-Appellant,
v
Grace Kling Also Known as Grace Aki, Defendant-Respondent.
Grace Kling Also Known as Grace Aki, Plaintiff-Counterclaim Defendant-Respondent-Appellant,
v
Damon J. Gillespie, Defendant-Counterclaim Plaintiff-Appellant-Respondent.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant-respondent.
Wigdor LLP, New York (Valdi Licul of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about November 3, 2022, in index No. 158959/2021, which, granted defendant Grace Kling a/k/a Grace Aki's motion to dismiss plaintiff Damon J. Gillespie's complaint and awarded Kling costs and attorneys' fees pursuant to Civil Rights Law § 70-a, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about November 3, 2022, in index No. 151076/2022, which, to the extent appealed from as limited by the briefs, sua sponte dismissed Kling's complaint and Gillespie's counterclaim on res judicata grounds, unanimously dismissed, without costs.
Gillespie commenced this defamation action based on statements Kling made on a podcast regarding the domestic violence Kling experienced during her marriage to Gillespie, and her related mental health issues. The court correctly dismissed Gillespie's claim for defamation (index No. 158959/21), as the allegedly defamatory statements fell within the protection of New York's amended anti-strategic lawsuit against public participation (anti-SLAPP) law (see CPLR 3211[g]; Civil Rights Law § 76-a, as amended by L 2020, ch 250).
When a defamation action involves statements made in a public forum, and concerns an issue of public interest, a plaintiff must show by clear and convincing evidence that the statements were false, and made with either knowledge of their falsity, or reckless disregard of whether the statements were false (Civil Rights Law § 76-a). A podcast is a public forum within the meaning of Civil Rights Law § 76-a (1) (a) (1). Further, "public interest" is construed broadly as "any subject other than a purely private matter" (Civil Rights Law § 76-a [1] [d]). The statements Kling made regarding the domestic violence she experienced during her marriage to Gillespie and the attendant mental health issues she suffered concerned "an issue of public interest" rather than a "purely private matter" (Civil Rights Law § 76-a[1][a][1]; see Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 29-30 [1st Dept 2022]).
Further, Gillespie failed to demonstrate that Kling's statements were false, or made with knowledge of their falsity or with reckless disregard of whether they were false (Civil Rights Law § 76-a [2]). While Kling submitted affidavits from witnesses and other evidence corroborating her accounts of Gillespie's abusive conduct, Gillespie proffered only a conclusory and self-serving affidavit denying Kling's statements (see CPLR 3211 [g] [2]). Because Gillespie's action constituted a SLAPP suit, the motion court properly awarded Kling costs and attorneys' fees under Civil Rights Law § 70-a (see Aristocrat Plastic Surgery, 206 AD3d at 32).
Gillespie's breach of contract claim, premised on a non-disparagement clause in the parties' marital separation agreement, was also correctly dismissed. The marital separation agreement was merged into the judgment of divorce that was entered in the Superior Court [*2]of New Jersey and, thus, ceased to exist as a separately enforceable contract (see Customers Bank v Reitnour Investment Props., LP, 453 NJ Super 338, 350, 181 A3d 1038, 1045-1046 [App Div 2018]). In any event, under New Jersey's entire controversy doctrine, Gillespie was required to bring his breach of contract claim during the divorce proceedings, since he had knowledge of Kling's statements before entering into the marital separation agreement (see Brennan v Orban, 145 NJ 282, 290, 678 A2d 667, 671 [Sup Ct 1996]; B.P. v G.P., 222 NJ Super 101, 106-107, 536 A2d 271, 274 [App Div 1987]; see also Tammera v Folger, 198 AD2d 34, 35 [1st Dept 1993]).
Gillespie's appeal from the order dismissing Kling's action to recover damages and legal fees pursuant to Civil Rights Law § 70-a and Gillepie's counterclaim for defamation on res judicata grounds (index No. 151076/2022) is dismissed because a sua sponte order is not appealable as of right (see Unanue v Rennert, 39 AD3d 289, 290 [1st Dept 2007]). In any event, that order has been superseded by a subsequent order entered April 24, 2023, which granted Kling's and Gillespie's motion and cross-motion to reargue and, upon reargument, reinstated Kling's complaint and dismissed Gillespie's counterclaim on the merits (see Espinoza v Fowler-Daley Owners, Inc., 154 AD3d 405, 405-406 [1st Dept 2017]). Gillespie has not filed a notice of appeal from the April 2023 order, and we decline to review it pursuant to CPLR 5517(b) since the order and underlying motion papers are not included in the record on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023