Black v Ganieva (2025 NY Slip Op 01284)

Black v Ganieva

2025 NY Slip Op 01284

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 158062/23|Appeal No. 3840|Case No. 2024-06232|

[*1]Leon D. Black, Plaintiff-Respondent,
v
Guzel Ganieva, et al., Defendants-Appellants. Safe Horizon, Amicus Curiae.

Rivkin Radler LLP, Uniondale (Max Gershenoff of counsel), for Wigdor LLP, appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Jennifer Barrett of counsel), for respondent.
Giskan Solotaroff & Anderson LLP, New York (Raymond Audain of counsel), for amicus curiae.

Order, Supreme Court, New York County (David B. Cohen, J.), entered September 24, 2024, which denied defendants' motions to dismiss the complaint, unanimously reversed, on the law, without costs, the motions granted pursuant to Civil Rights Law § 76-a and CPLR 3211(g)(1), and the matter remanded for further proceedings on attorneys' fees owed to defendants pursuant to Civil Rights Law § 70-a(1)(a).
Plaintiff's malicious prosecution claim involves "public petition and participation" so as to trigger the procedural requirements of New York's amended anti-strategic lawsuits against public participation (anti-SLAPP) (see Civil Rights Law § 76-a and CPLR 3211[g][1]). The claim, rooted in allegations involving defendants' commencement and prosecution of a legal action, is a claim based upon communications made in a public forum and conduct in furtherance of the exercise of the constitutional rights of free speech and petition (see Sweetpea Ventures Inc. v Belmamoun, 231 AD3d 460, 461[1st Dept 2024]).
Plaintiff's malicious prosecution claim is properly dismissed under CPLR 3211(g)(1), as his opposition failed to show that the claim has a "substantial basis" (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10 [1st Dept 2024]). "Substantial basis" under the anti-SLAPP law means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. at 22 [internal quotation marks omitted]), which is the same "substantial evidence" standard that "has been equated with the ordinary summary judgment standard" (id. at 23), and it requires the submission of evidence such as an affidavit rather than reliance on the mere allegations in the complaint (id. at 24-25).
Plaintiff failed to meet this burden under CPLR 3211(g), and this entitles defendants to dismissal of the claim and for attorneys' fees pursuant to Civil Rights Law § 70-a (1) (a). Accordingly, we remand the action for further proceedings for that limited purpose (see Reeves, 232 AD3d at 25).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025