Sharp v Bar Fluid LLC (2025 NY Slip Op 02429)

Sharp v Bar Fluid LLC

2025 NY Slip Op 02429

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 656730/22|Appeal No. 4187-4188-4189-4190|Case No. 2023-05868 2023-06007 2024-04694 2024-04695|

[*1]Frank Sharp, Plaintiff-Appellant,
v
Bar Fluid LLC, et al., Defendants-Respondents.
Bar Fluid LLC, et al., Third-Party Plaintiffs-Respondents,
v
Joseph Dempsey, Third-Party Defendant-Appellant.

Joseph Anthony Dempsey, Amawalk, for Frank Sharp, appellant.
Cohen & Green PLLC, Ridgewood (Remy Green of counsel), for Joseph Dempsey, appellant.
Thomas D. Shanahan, P.C., New York (Thomas D. Shanahan of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered October 20, 2023, which, to the extent appealed from, denied plaintiff's motion to dismiss defendants' (Bar Fluid) counterclaims, unanimously modified, on the law, to grant dismissal of the abuse of process and defamation counterclaims as violative of the anti-SLAPP law, and otherwise affirmed, without costs.
Order, same court and Justice, entered October 20, 2023, which, to the extent appealed from, denied third-party defendant Joseph Dempsey's CPLR 3211(g) motion to dismiss Bar Fluid's third-party complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Appeal from order, same court and Justice, entered July 29, 2024, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper. Appeal from order, same court and Justice, entered July 29, 2024, which denied Dempsey's motion to reargue, unanimously dismissed, without costs, as academic.
Bar Fluid's abuse of process and defamation counterclaims against plaintiff fall within the anti-SLAPP law (Civil Rights Law § 76-a[1][1]), triggering the "substantial basis" standard for dismissal under CPLR 3211(g) (see Black v Ganieva, __ AD3d __, 2025 NY Slip Op 01284, at *2 [1st Dept 2025]; Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 20-22 [1st Dept 2024]). These counterclaims, which target plaintiff's commencement of a lawsuit alleging serious misconduct at Bar Fluid's nightclub and statements regarding the lawsuit that plaintiff made on Instagram, involve judicial proceedings and matters of "political, social, or other concern to the community" (Aristocrat Plastic Surgery, P.C. v Silva, 206 AD3d 26, 29 [1st Dept 2022] [internal quotation marks omitted]).
Bar Fluid failed to meet the heightened burden of demonstrating that the defamation claims had a "substantial basis" in law, as they failed to cite record evidence to support their allegation that plaintiff's statements were made with knowledge of their falsity or with reckless disregard of whether they were false (see Reeves, 232 AD3d at 24; see also Gillespie v Kling, 217 AD3d 566, 567 [1st Dept 2023] [defamation claimant in anti-SLAPP case must show that statements were "false, and made with either knowledge of their falsity, or reckless disregard of whether the statements were false"]). While plaintiff submitted text messages, emails, and affidavits from several former coworkers at the nightclub to corroborate his allegations, Bar Fluid failed to submit any evidence to support their claim that no such misconduct occurred (see Reeves, 232 AD3d at 24). Bar Fluid's abuse of process claim also fails because the mere commencement of an action is not an abuse of process (see Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590, 591 [1st Dept 1990]).
Bar Fluid's contractual counterclaims are not subject to dismissal under CPLR 3211(g), as these claims [*2]do not involve "communication" involving an issue of public interest or "lawful conduct. . .in furtherance of the exercise of the constitutional right to petition" (Civil Rights Law § 76-a[1][a]). Plaintiff failed to advance any other argument to support dismissal of these claims.
Bar Fluid's third-party complaint against plaintiff's attorney, Dempsey, is barred under the anti-SLAPP law (Civil Rights Law § 76-a) and under Civil Rights Law § 74, which prohibits civil actions that allege injury from "the publication of a fair and true report of any judicial proceeding" (see GS Plasticos Limitada v Bureau Veritas, 84 AD3d 518 [1st Dept 2011], lv denied 17 NY3d 714 [2011]). The third-party complaint improperly targets Dempsey's authoring of plaintiff's lawsuit and his alleged remarks to community members regarding the allegations in the lawsuit (see also 215 West 84th St Owner v Bailey, 217 AD3d 488 [1st Dept 2023]).
Accordingly, Bar Fluid's third-party complaint against Dempsey and the counterclaims for abuse of process and defamation against plaintiff should be dismissed under CPLR 3211(g), and we remand for a determination of an award of costs and attorneys' fees (see Golan v Daily News, L.P., 214 AD3d 558, 559 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025