Reeves v Found. for the Child Victims of the Family Cts. (2026 NY Slip Op 00861)

Reeves v Found. for the Child Victims of the Family Cts.

2026 NY Slip Op 00861

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 150731/19|Appeal No. 5842|Case No. 2024-07814|

[*1]Karl C. Reeves, Plaintiff-Respondent,
vThe Foundation for the Child Victims of the Family Courts et al., Defendants-Appellants.

Michael Lesher, Floral Park, for appellants.
Carter Ledyard & Milburn LLP, New York (Alan S. Lewis of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered November 4, 2024, which, to the extent appealed from, denied defendants' motion to dismiss the defamation claim, unanimously affirmed, without costs.
This action arises from a contentious divorce and custody dispute between plaintiff and his nonparty ex-wife. Plaintiff alleges that during this custody dispute the wife engaged defendants, who posted five "ethics complaints" to their website, each of which contained allegedly false statements about plaintiff. Plaintiff brings suit against defendants for defamation in connection with these complaints.
Initially, this action involves public petition and participation within the scope of the New York anti-SLAPP statute (Civil Rights Law § 76-a[1][a][1]). We recently held that "the 2020 amendments' broadened definition of public petition and participation in section 76-a applies to actions continued beyond the statute's effective date," even if, like here, they were commenced prior to such date (Isaly v Garde, 241 AD3d 1085, 1086-1089 [1st Dept 2025]).
As such, "damages may only be recovered if the plaintiff . . . shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false" — i.e., actual malice (see Civil Rights Law § 76-a[2]). "Clear and convincing evidence" is the burden of proof at trial. On a motion to dismiss in an action involving public petition and participation, a plaintiff need only demonstrate that the claim "has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law" (see CPLR 3211[g][1]). The evidence before Supreme Court — particularly, the letter from the District Attorney's Office outlining the disposition of the criminal charges against plaintiff, in conjunction with the undisputed fact that Family Court awarded plaintiff temporary sole custody of the child prior to publication of at least the fifth ethics complaint — was sufficient to demonstrate a substantial basis for plaintiff's allegations that the defamatory statements were made with actual malice. The outcomes of the criminal and Family Court cases should have given defendants, who purported to be intimately familiar with these proceedings, serious reason to doubt the veracity of the allegations against plaintiff and suggest that they recklessly disregarded the possibility that these allegations were false when they chose to publish them.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to the adequacy of the scienter allegations in the event the anti-SLAPP law did not apply.
The fair report privilege does not apply to the ethics complaints at issue here because they do not purport to summarize the allegations in the Family Court proceedings, nor would the ordinary reader interpret them as doing so (see Corporate Training Unlimited, Inc. v National Broadcasting Co., Inc., 868 F Supp 501, 508-509 [ED NY 1994]; see generally Civil Rights Law § 74; Gottwald v Sebert, 40 NY3d 240, 255 [2023]; Greenberg v Spitzer, 155 AD3d 27, 43 [2d Dept 2017]).
Even if some of the statements made in the ethics complaints are properly characterized as opinion, many statements are factual in nature, including the accusations of domestic violence and child abuse. Moreover, even the opinions are either implicitly based on undisclosed facts or are based on disclosed facts that were allegedly false, and thus actionable (see Davis v Boeheim, 24 NY3d 262, 269-270 [2014]; Kurland & Assoc., P.C. v Glassdoor, Inc., 205 AD3d 545, 546 [1st Dept 2022]).
The truth of the statements made in the ethics complaints is not clear as a matter of law (see Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014]). While defendants submitted documentary evidence demonstrating that plaintiff was criminally charged in connection with several incidents of alleged domestic violence, gun possession, and harassment, this does not prove that plaintiff in fact committed all the acts of which he is accused in the ethics complaints, and other evidence tends to undermine this conclusion.
Finally, it is sufficiently clear that the ethics complaints were "of and concerning" plaintiff, as two of them identify plaintiff by name and plaintiff's identity is readily discernible from other information disclosed in the remaining complaints and from the similarity of the accusations therein (see Zervos v Trump, 171 AD3d 110, 130 [1st Dept 2019], appeal dismissed 36 NY3d 1083 [2021]; see also Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86-87 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026