| Abello v NYP Holdings, Inc. |
|---|
| 2026 NY Slip Op 31021(U) |
| March 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 100320/2024 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND**     PART     35

*Justice*

------------------------------------------------------------------------X

TATIANA ABELLO, OLYMPIA OVIEDO-REYES, VICTORIA OVIEDO,

         Plaintiff,

- v -

NYP HOLDINGS, INC.,FOX NEWS NETWORK, LLC,CBS INTERACTIVE INC.,CBS NEWS INC.,INSIDE EDITION INC.,NEWS CORP., PARAMOUNT GLOBAL, FOX NEWS INC.,

         Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100320/2024 |
| MOTION DATE | 04/30/2025, 04/30/2025, 04/30/2025, 09/02/2025 |
| MOTION SEQ. NO. | 003 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 52, 54, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 93, 94, 95, 96

were read on this motion to/for             DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 50, 53, 55, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 100, 101

were read on this motion to/for             DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 56, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 97, 98, 99, 102

were read on this motion to/for             DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117

were read on this motion to/for       AMEND CAPTION/PLEADINGS      .

Upon the foregoing documents, motion sequences 003 through 006 are consolidated for disposition and decided as follows:

**A.** Defendant NYP Holdings, Inc.'s ("New York Post") motion to dismiss Plaintiffs' Amended Complaint ("Mot. Seq. 003") is granted.

**B.** Defendants CBS Interactive Inc. ("CBS") and Inside Edition Inc.'s ("Inside Edition") motion to dismiss Plaintiffs' Amended Complaint ("Mot. Seq. 004") is granted.

**C.** Defendant Fox News Network, LLC's ("Fox") motion to dismiss Plaintiffs' Amended Complaint ("Mot. Seq. 005") is granted.

**D.** Plaintiffs' motion seeking leave to correct fake citations they submitted in their legal memorandum generated through artificial intelligence ("Mot. Seq. 006") is denied.

## I. Background

Plaintiffs, who are self-represented, bring this case against Defendants based on news articles related to prior Housing Court proceedings wherein Plaintiffs were respondents. Verra Katz, who died at the age of 103, lived in a rent-stabilized apartment at 305 East 86th Street, New York, New York (the "Apartment"). Ms. Katz has a daughter named Alayne Skylar ("Skylar") who did not live with her. According to documents from Housing Court, Plaintiff Tatiana Abello ("Tatiana") was hired to help care for Ms. Katz. Tatiana allegedly brought her sister, Plaintiff Victoria Abello ("Victoria") and mother, Olympia Oviedo-Reyes ("Olympia") to live in the Apartment and tried to claim succession rights under the Rent Stabilization Law.

According to a lawsuit filed by Skylar in October of 2021, the Plaintiffs prevented her from accessing the Apartment and installed a slider bolt lock. It was alleged during the Housing Court proceedings that Plaintiffs refused to provide Skylar with her parents' ashes, which remained in the Apartment and which Plaintiffs allegedly threatened to flush down the toilet. The Apartment's landlord commenced a holdover proceeding against Victoria, Tatiana, Skylar, and "Doe" defendants on September 29, 2022. In February of 2023, the New York Post learned about the Housing Court proceedings and sought comment from Skylar and Plaintiffs. Skylar agreed to an interview but Plaintiffs, who were at the time represented by a lawyer, declined to comment.

**100320/2024   ABELLO, TATIANA vs. N.Y. POST**
**Motion No. 003 004 005 006**
Page 2 of 8

2 of 8

[* 2]

Relying on Court documents, Ms. Katz's will, deposition testimony, text messages between Skylar and Plaintiffs, a police report, and a doorman, the New York Post published an article on March 18, 2023 (the "Post Article") which reported on the allegations giving rise to the Housing Court proceedings. Inside Edition likewise covered the Housing Court proceedings and included in its coverage Plaintiffs' position that they have succession rights to the Apartment. Fox published its own article relying on the reporting from the New York Post.

The Plaintiffs subsequently brought this lawsuit, filing a 73-page Amended Complaint claiming civil conspiracy, "aiding and abetting alleged torts", defamation, and intentional infliction of emotional distress. The Defendants now move to dismiss asserting multiple grounds, including New York Civil Rights Law § 74 and the anti-SLAPP law. The Plaintiffs opposed by submitting a brief which they admit was generated using artificial intelligence and which contains numerous fake or misleading citations. Plaintiffs filed a separate motion seeking leave to correct their brief containing fake citations. For the reasons that follow, the motions to dismiss are granted and the motion seeking leave to file a corrected brief is denied.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]). A motion to dismiss based on documentary

**100320/2024 ABELLO, TATIANA vs. N.Y. POST** Page 3 of 8
Motion No. 003 004 005 006

[* 3] 3 of 8

evidence is appropriately granted when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]).

A motion to dismiss under CPLR 3211(g) shall be granted when the movant shows the action targets speech involving public petition and participation, as defined in Civil Rights Law § 76-a, unless the opposing party shows the action has a substantial basis (*see Gillespie v Kling*, 217 AD3d 566, 567 [1st Dept 2023]). An action involves public petition and participation if it is "any communication in a place open to the public or a public forum in connection with an issue of public interest" or if it is "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" (*see* Civil Rights Law § 76-a[1][a]).

In opposing a CPLR 3211(g) motion, a plaintiff must demonstrate that its claims have "a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law" (*see Reeves v Foundation for the Child Victims of the Family Courts*, --- N.Y.S.3d ----, 2026 N.Y. Slip Op. 00861 at *1 [1st Dept 2026]). The "substantial basis" standard is a "heightened burden" compared to the pleading standard under CPLR 3211(a)(7) (*S.N. v Integral Yoga Institute, Inc.* 245 AD3d 536 [1st Dept 2026]). "Substantial basis," for purposes of a motion to dismiss, requires "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*see Smartmatic USA Corp. v Fox Corp.*, 213 AD3d 512 [1st Dept 2023]).

**B. Motions to Dismiss (Mot. Seqs. 003 through 005).**

The motions to dismiss are granted. The anti-SLAPP law applies because the targeted speech involves an issue of public interest (ongoing judicial proceedings) broadcast to a public

**100320/2024 ABELLO, TATIANA vs. N.Y. POST**
**Motion No. 003 004 005 006**
Page 4 of 8

4 of 8

forum (news articles published on the internet) (*see Black v* Ganieva, 236 AD3d 427, 427-428 [1st Dept 2025]; *Sweetpea Ventures Inc. v Belmalmoun*, 231 AD3d 460, 460-461 [1st Dept 2024] [matters of public interest include judicial proceedings]). Therefore, the more rigorous CPLR 3211(g) standard applies. Applying that standard, Plaintiffs have failed to show this lawsuit has a substantial basis.

New York Civil Rights Law § 74 bars this action. That statute, titled "Privileges in action for libel" states "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." So long as the gist of an article constitutes a "fair and true report" then "even news articles containing false factual statements capable of defamatory interpretation will be protected by the absolute privilege afforded by Civil Rights Law § 74" (*see Martin v Daily News L.P.*, 121 AD3d 90, 100 [1st Dept 2014]). Comments that summarize or restate allegations filed in an ongoing proceeding typically fall within § 74's privilege (*see Russian American Foundation, Inc. v Daily News, L.P.*, 109 AD3d 410, 413 [1st Dept 2013]).

The articles which are the subject of this action contain fair and true accounts of the Housing Court proceedings brought against Plaintiffs (*see, e.g. D'Arata v New York Post*, 226 AD3d 560 [1st Dept 2024]; *Golan v Daily News, L.P.*, 214 AD3d 558, 559 [1st Dept 2023]). The articles make clear that they were reporting on allegations, presented Plaintiffs defense – namely that they were entitled to succession rights, and even reached out to Plaintiffs for comment prior to publication. The articles simply report on what was alleged against Plaintiffs and contained quotes from Skylar on issues related to the Housing Court proceedings. Plaintiffs' attempt to plead

**100320/2024   ABELLO, TATIANA vs. N.Y. POST**
**Motion No.  003 004 005 006**

Page 5 of 8

5 of 8

actual malice is conclusory and insufficient. Simply put, there is no basis for this lawsuit, let alone a substantial basis.

The intentional infliction of emotional distress claims, which are premised on the same facts as the defamation claims, are dismissed as duplicative (*see Matthaus v Hadjedj*, 148 AD3d 425 [1st Dept 2017]; *see also Bacon v Nygard*, 140 AD3d 577, 578 [1st Dept 2016] citing *Fleischer v NYP Holdings, Inc.*, 104 AD3d 536, 538-539 [1st Dept 2013], *lv. denied* 21 NY3d 858 [2013]). To the extent Plaintiffs allege any other standalone torts, they are not sufficiently enumerated or titled in the Amended Complaint in violation of CPLR 3014 (*see also Scholastic Inc. v Pace Plumbing Corp.*, 129 AD3d 75, 79 [1st Dept 2015] quoting *Barsella v City of New York*, 82 AD2d 747, 748 [1st Dept 1981] [neither parties nor the court ought to be "compelled to wade through a mass of verbiage and superfluous matter" to divine what causes of action might apply to the case]). To the extent there can be divined from the 73 page Amended Complaint that Plaintiffs seek damages for "invasion of privacy" "reckless endangerment" or "obstruction of justice" – none of those are private causes of action which may be brought in a civil lawsuit in New York.

Because there are no standalone causes of action, the civil conspiracy claim fails (*Steier v Schreiber*, 25 AD3d 519, 522 [1st Dept 2006]). Likewise, there can be no aiding and abetting claim when there is no underlying tort claim. To the extent Plaintiffs seek to hold Defendants liable for comments made in response to the articles, Defendants cannot be held liable for the speech of others over whom they have no control. Because Defendants succeeded on their CPLR 3211(g) motions to dismiss, they are entitled to attorneys' fees under Civil Rights Law § 70-a (*see Gillespie*

**100320/2024  ABELLO, TATIANA vs. N.Y. POST**                                          **Page 6 of 8**
**Motion No.  003 004 005 006**

6 of 8

*v Kling*, 217 AD3d 566, 567 [1st Dept 2023] citing *Aristocrat Plastic Surgery*, 206 AD3d 26, 32 [1st Dept 2022]).[1]

### C. Leave to File Corrected Memorandum of Law (Mot. Seq. 006)

Plaintiffs' motion seeking leave to file a corrected memorandum of law to replace the brief they submitted containing fake citations is denied. The Court's resources are already stretched due to the volume of meritorious litigation filed. Given the Court's limited time and resources, second chances should rarely be given to any litigant, whether self-represented or not, who submits frivolous, misleading, and outright fake legal arguments to the Court (*see, e.g. Dowlah v Professional Staff Congress*, 227 AD3d 609, 610 [1st Dept 2024] ["pro se status does not excuse a litigant's failure to check the legal citations offered to the court]). Plaintiffs should consider themselves lucky that further sanctions are not being issued on top of the attorneys' fees for which they are now liable pursuant to Civil Rights Law § 70-a. If Plaintiffs continue to engage in such behavior, the Court may not be so lenient in the future. Therefore, Plaintiffs' motion seeking leave to correct their fake citations is denied, and this case is dismissed. Defendants shall file motions for attorneys' fees within thirty days. The Court has considered the Plaintiffs' remaining contentions and finds them unavailing.

Accordingly, it is hereby,

ORDERED that Defendants' motions to dismiss are granted in their entirety, and the Amended Complaint is hereby dismissed, and within thirty days, Defendants shall submit fee applications pursuant to Civil Rights Law § 70-a; and it is further

---

[1] While Plaintiffs are *pro se*, they are apparently adept at using artificial intelligence to conduct legal research and create legal papers. Plaintiffs therefore had the resources and the know-how to comprehend that if they lost this lawsuit, they would be subject to attorneys' fees under Civil Rights Law § 70-a.

**100320/2024  ABELLO, TATIANA vs. N.Y. POST**
**Motion No.  003 004 005 006**

Page 7 of 8

7 of 8

ORDERED that Plaintiffs' motion seeking leave to correct the fake citations they submitted in their memorandum of law is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____3/17/26_____
DATE

_____
HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | [ ] GRANTED | [ ] DENIED | [x] GRANTED IN PART | | [ ] OTHER |
| APPLICATION: | | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | | [ ] REFERENCE |

100320/2024  ABELLO, TATIANA vs. N.Y. POST
Motion No.  003 004 005 006

Page 8 of 8

[* 8]