| **Dordi v Shah** |
| 2025 NY Slip Op 32308(U) |
| June 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161221/2023 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**     PART     58

*Justice*

---------------------------------------------------------------------------X

RUSHAD DORDI

                         Plaintiff,

              - v -

ANU SHAH,

                      Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161221/2023 |
| MOTION DATE | 01/12/2024, 02/19/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 16, 17, 18, 19, 23, 24, 25, 32, 33

were read on this motion to/for                 DISMISS              .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 11, 12, 13, 14, 15, 20

were read on this motion to/for       QUASH SUBPOENA, FIX CONDITIONS     .

In this defamation action, defendant moves pursuant to CPLR 3211(a)(5) and (7) and CPLR 3211(g) for an order dismissing the complaint. (seq. 001). Plaintiff opposes.

## I.     COMPLAINT (NYSCEF 1)

In plaintiff's complaint, filed on November 15, 2023, he sues defendant for libel per se, misappropriation and conversion of intangible property, and intentional infliction of emotional distress. Plaintiff describes himself as a "well-respected internal medicine physician" as well as a senior analyst at a biotechnology investment fund, and contends that his livelihood depends upon his patients' and clients' trust based on his personal and professional reputation.

Plaintiff alleges that in 2018, the parties met on a dating application, but from then until the beginning of 2021, they maintained a relationship that plaintiff characterized as "primarily online and platonic," and not a "formal romantic or exclusive relationship," meeting in person only approximately four times.

**161221/2023 DORDI, RUSHAD vs. SHAH, ANU**
**Motion No. 001 002**

**Page 1 of 7**

[* 1]

When the relationship ended, plaintiff alleges that defendant began harassing him, including sending hundreds of text messages to him from her phone as well as unknown phones, and hacking into his Instagram account. He contends that the first hack occurred on June 20, 2022, and that having obtained unauthorized access to his Instagram account, defendant impersonated him and posted a statement, posing as him, in which he apologized to women he may have misled about a relationship together, and otherwise described himself as having mental health issues and being afraid of intimacy.

The second hack of his account occurred on August 24, 2022, when defendant allegedly posted that plaintiff had sex addition and mental health issues, that he obtained nude pictures from women and kept them on his phone, and that he blackmailed a specifically-named woman.

On April 22, 2023, plaintiff's account was hacked a third time, and defendant allegedly posted screenshots of private messages between plaintiff and non-parties on plaintiff's "Instagram Story," with captions over the messages. Defendant also allegedly changed plaintiff's account status from private to public, and on April 24, 2023, shared the Instagram Story post with at least 45 other Instagram accounts. Defendant then allegedly sent requests to follow other users, and followed at least 35 accounts, and sent sexually explicit and/or harassing messages to seven users.

Plaintiff thus sues defendant for libel and libel per se, alleging that defendant published statements about plaintiff without privilege to do so, that the statements are false and defamatory and have harmed plaintiff's reputation by alleging that he suffers from sex addition and mental illness, utilizes dating apps to mislead women, and has blackmailed former partners, and that defendant had knowledge of or acted with reckless disregard to the statements' falsity.

**161221/2023   DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 2 of 7**

2 of 7

[* 2]

He also asserts a claim for misappropriation/conversion of intangible property, consisting of defendant's alleged assumption of control over plaintiff's Instagram account, and for intentional infliction of emotional distress.

## II.    MOTION TO DISMISS

### A.    Libel claim

#### 1.    Statute of limitations

Defendant contends that the first two alleged "hacked" statements are time-barred, as a libel claim has a one-year statute of limitations, and the statements were published in June 2022 and August 2022, while the complaint was not filed until November 2023.

Plaintiff argues that defendant's republication of the statements in April 2023 restarted the statute of limitations, and that the republication occurred because defendant repeated the statements on plaintiff's Instagram Story page, in a new format, and to new people, having changed his account profile from private to public.

In reply, defendant observes that nowhere in plaintiff's complaint does he allege that any statements were republished in 2023, and that he failed to move for leave to amend his complaint to do so, thus waiving the argument.

It is undisputed that the statute of limitations for a defamation/libel claim is one-year from the date of publication of the statement at issue (CPLR 215(3), and that the first two statements at issue were published more than a year before the complaint was filed, and are thus time-barred.

While plaintiff alleges in opposition that the statements were republished in 2023, the complaint contains no such allegations, nor did plaintiff move for leave to amend the complaint to add them.  Moreover, there is no evidence offered by plaintiff that the April 2023 Instagram

**161221/2023   DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 3 of 7**

3 of 7

Story posting contained the two statements, and plaintiff's affirmation in opposition to the motion also fails to address the alleged republication.

Defendant thus demonstrates that the June 2022 and August 2022 statements are time-barred.

## 2. Defamatory meaning

In the complaint, plaintiff identifies the following statements as being published in April 2023:

(1) "My thirst trap beauty";

(2) "I could have totally fucked her in Miami . . . help me find her world";

(3) "Sahara I want to spank your naked butt and turn it red";

(4) "Red red red hot iron your biottcccchhhh";

(5) "I want to cum on ya fat biotccchhh and cum noice"; and

(6) "Babbbbbbeeee come bare it all for your daddy heaa."

Statements that connote a defamatory meaning are those that expose a person to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons (*Ava v NYP Holdings, Inc*., 64 AD3d 407 [1st Dept 2009]).

Here, the statements at issue consist of sexual comments and innuendo, which are not factual statements of and concerning plaintiff. Rather, they seem to convey plaintiff's sexual attraction to a particular Instagram user and his desire to engage in sexual acts with her. Moreover, absent any contention that the user was underage or otherwise an inappropriate sexual partner for plaintiff, his alleged sexual comments to her do not implicate any immorality or impropriety (*cf. Rivas v Restaurant Assocs*., 223 AD3d 634 [1st Dept 2024] [description of plaintiff as "child molester," "pervert," and "pedophile" constituted non-actionable statements of

**161221/2023   DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 4 of 7**

4 of 7

opinion or hyperbole]).  Thus, the statements would not expose plaintiff to contempt, ridicule, aversion, or disgrace, nor induce an evil opinion of him, and are thus not defamatory.

### C.        Conversion claim

It is undisputed that intangible property such as websites and account information may be the subject of a conversion claim (*JLM Couture, Inc. v Gutman*, 2024 WL 2053856 [Dist Ct, SD NY 2024]).

There is no merit to defendant's claim that conversion was not properly pled as defendant's control over or access to plaintiff's Instagram account was only temporary (*see Slue v New York Univ. Med. Ctr.*, 409 F Supp 2d 349 [Dist Ct, SD NY 2006] [conversion occurs even if deprivation is partial or temporary]; *Dardashtian*, 2021 WL 746133 [Dist Ct, SD NY 2021] [defendant converted plaintiff's electronic accounts when he transferred them to separate domain inaccessible to plaintiff, and irrelevant that accounts were ultimately restored to plaintiff]).

*MLB Advanced Media, LP v Big League Analysis, LLC*, cited by defendant, does not support her argument, as the court noted that the defendant did not contend that it could not access its documents at any point, and it did not explain "how it was precluded, in any way, from accessing or exploiting the property that was allegedly converted." (2017 WL 6450546 [Sup Ct, New York County 2017]).  Here, plaintiff asserts that he was unable to access his Instagram account after defendant hacked it.

### D.        Intentional Infliction of Emotional Distress claim

Even if true, plaintiff's allegations do not plead the type of extreme and outrageous conduct necessary to a establish a claim for intentional infliction of emotional distress (*see e.g., Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421 [1st Dept 2006] [alleged conduct

**161221/2023    DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 5 of 7**

consisting of faxes and phone calls, including to plaintiff's parents, threatening plaintiff's arrest and criminal prosecution, not so outrageous as to be intolerable]).

In any event, the claim is not supported by medical evidence (*Seymour v Hovnanian*, 211 AD3d 549 [1st Dept 2022]), and is otherwise duplicative of the libel per se claim (*Reeves v Assoc. Newspapers, Ltd.*, 232 AD3d 10 [1st Dept 2024]).

### E.      Anti-SLAPP defense

The Anti-SLAPP statute (New York Civil Rights Law 70-a and 76-a) pertains to a claim based upon, as pertinent here, "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest."

Defendant fails to demonstrate that the non-time-barred statements posted on plaintiff's Instagram story account pertain to an issue of public interest. Rather, they involve plaintiff's alleged sexual attraction to and interest in a certain woman or women, which is a matter between private individuals (*see Huggins v Moore*, 94 NY2d 296 [1999] [subject is not matter of public concern when it involves gossip or prurient interest, and/or is directed to limited, private audience; even if article was published in newspaper, it may not involve public concern]; *Nelson v Ardrey*, 231 AD3d 179 [2d Dept 2024] [statements published on plaintiff's Facebook page accusing him of sexually abusing a child concerned purely private matter and were directed to limited, private audience]).

Having failed to establish that the public interest is implicated here, defendant does not show that the statements are protected by the anti-SLAPP law.

### III.      MOTION TO QUASH

First, defendant's request for the disclosure of plaintiff's address may be addressed through the regular discovery process, and is thus denied at this time.

**161221/2023   DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 6 of 7**

[* 6]

Defendant's motion to quash a subpoena served by plaintiff on Google, Inc. is granted, as the subpoena fails to comply with CPLR 3101(a)(4) (*Kapon v Koch*, 23 NY3d 32 [2014] [subpoena addressed to nonparty must provide circumstances or reasons why disclosure is sought or required]).

## IV.     CONCLUSION

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (seq. 001) is granted to the extent of severing and dismissing plaintiff's claims for defamation and intentional infliction of emotional distress, and is otherwise denied; and it is further

ORDERED that defendant file an answer to the complaint within 20 days of the date of this order; and it is further

ORDERED that defendant's motion to quash (seq. 002) is granted to the extent of quashing the subpoena dated February 5, 2024 (NYSCEF 15), and is otherwise denied; and it is further

ORDERED that the parties appear for a preliminary conference on September 2, 2025 at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

| **6/30/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161221/2023   DORDI, RUSHAD vs. SHAH, ANU**
**Motion No.  001 002**

**Page 7 of 7**

7 of 7